UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AVERY GLASS, JR., | Case No. 2:22-cv-01383-JDP (HC) |
| Petitioner, | ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2254 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| PATRICK COVELLO, | |
| Respondent. | ECF No. 1 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. His sole claim is that the trial court erred under California state law when it imposed a ten-year enhancement. ECF No. 1 at 3. This claim implicates only state sentencing laws and is not cognizable. I will grant petitioner leave to amend and explain why this claim should proceed.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to it unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Claims based on a state's misapplication of its own sentencing laws generally do not give rise to cognizable federal habeas claims. *See* 28 U.S.C. § 2254(a) (federal habeas relief available only where a person is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation

marks omitted). Petitioner's sole claim that the trial court erred in imposing an enhancement does not give rise to any alleged violation of the Constitution or the laws of the United States. In rare circumstances, a misapplication of state sentencing law can be "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Here, petitioner has not alleged facts or made argument establishing those circumstances. He may attempt to do so if he elects to file an amended petition.

It is ORDERED that:

1. Petitioner may file an amended § 2254 petition within thirty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form with this order.

IT IS SO ORDERED.

Dated:   August 11, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE