UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AVERY GLASS, JR., <br><br> Petitioner, <br><br> v. <br><br> PATRICK COVELLO, <br><br> Respondent. | Case No. 2:22-cv-01383-KJM-JDP (HC) <br><br> FINDINGS AND RECOMMENDATIONS THAT THE PETITION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM <br><br> ECF Nos. 1 & 10 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He argues that the state court erred when it imposed a ten-year sentencing enhancement under state law. ECF No. 1 at 3. I previously screened his petition and found that this claim implicated only state law and was, therefore, non-cognizable on federal habeas review. ECF No. 7. I offered plaintiff an opportunity to amend his complaint and to explain why his claim should proceed. *Id.* Rather than file a new petition, petitioner has filed a short response arguing that the enhancement violates his federal due process rights. ECF No. 10 at 2. I find this argument unpersuasive and now recommend that the petition be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to it unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As I explained in my previous screening order, errors of state law do not generally give

rise to cognizable federal habeas claims.  *See* 28 U.S.C. § 2254(a) (federal habeas relief available only where a person is "in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation omitted); *see also Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) ("Whether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions is a question of state sentencing law.").  And petitioner cannot, as he attempts in the response here, turn a state law claim into a federal one simply by alleging a violation of his federal due process rights.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Accordingly, it is RECOMMENDED that the petition, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    November 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE